THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FELICIANO MUÑOZ, Defendant and Appellant.

No. 8249. Argued June 21, 1940.—Decided July 1, 1940.

*Edrulfo Astacio* and *Jorge V. Toledo* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

Feliciano Muñoz was convicted and sentenced to pay a fine of $50 for a violation of section 1 of Act No. 61 of May 6, 1936 (Session Laws, p. 314), on a complaint which in its pertinent part reads thus:

"I, . . ., file this complaint against Feliciano Muñoz . . . because the said defendant did . . . then and there, unlawfully, wilfully, and maliciously acting in his capacity as master builder of a work. . . under contract with Jorge Valldejuly . . . violate the provisions of section 1 of Act No. 61 of 1936 . . . in that the defendant, acting in the manner aforesaid, permitted the workmen, Juan Carmona and Angel Muñoz to work on scaffolds which were less than two feet wide and which were not inclosed by any safety partition or railing, forming a closed rectangle, thirty-six inches in height from the floor or surface of said scaffold and extending the full length thereof, said scaffold not having been constructed in a solid, secure, suitable, and convenient manner, and so placed when in operation as to offer proper and adequate protection for the life or limbs of the workmen who then and there were working thereon or of the persons who must pass thereunder. This act is contrary to law."

As the defendant claims that the complaint does not state facts sufficient to constitute a public offense, we must examine the applicable statutory provisions, which are sections 1 and 3 of the cited act, to wit:

"Section 1.—All kinds of scaffolds, elevators, hoists, platforms, or ladders, or any other mechanical appliance, whether portable or fixed, placed, or constructed by any person, firm, or corporation in this Island for the purpose of building, repairing, altering, destroying, or painting any house, building, bridge, viaduct or any other kind of construction whatever, shall be constructed in a secure, suitable, and convenient manner, and so placed when in operation as to offer proper and adequate protection to the life and limbs of the person or persons working thereon or passing thereunder, and in such manner as to prevent the falling to the ground of any materials or utensils placed thereon. Every scaffold, platform, or other similar appliance shall be, if possible, at least two feet wide and shall have a safety partition and railing, forming a closed rectangle, which shall be thirty-six inches in height from the floor or surface of said scaffold or platform and shall extend the full length thereof, be solidly constructed and be firm and secure enough to prevent its giving way from the building or construction. The Commissioner of Labor or his representatives are hereby authorized to stop any work where the above provisions are being violated, and to require such changes and modifications as he may consider necessary for the protection of the life or limbs of the persons employed in said places, before the work may continue.

  "\*       \*       \*       \*       \*       \*       \*

"Section 3.—Any person, or the administrator, superintendent, foreman, *mayordomo,* or representative of said person who violates this Act shall be punished by a minimum fine of twenty-five (25) dollars or by imprisonment in jail for a maximum term of sixty (60) days."

■■ The defendant maintains that the complaint is insufficient because, as section 1 provides that: ". . . every scaffold, platform, or other similar appliances shall be, *if possible,* at least two feet wide and shall have a safety partition and rail . . .," and as the complaint fails to allege that *it was possible* to comply with that request, the same does not state the offense sought to be charged.

The phrase "if possible" is a part of the definition of the crime and, therefore, it should have been alleged in the complaint. *People* v. *Cortés,* 24 P.R.R. 195. See by way of illustration the case of *People* v. *Avilés,* 54 P.R.R. 257. However, the complaint charges another way *(modalidad),* of committing the offense, which is the failure to provide the scaffolds with a "safety partition and railing" a condition not affected by the phrase "if possible," which only applies to the width of the floor of the scaffold, platform, etc. Consequently, putting aside the charge regarding the width of the scaffold, as the complaint alleges the lack of partitions and railings, there is no doubt that it sufficiently states the offense comprised in section 1 of the act.

■ The defendant also urges that said section, in referring to the conditions of the scaffolds says: "All kinds of scaffolds, elevators, . . . *shall be constructed* in a secure, suitable . . . ," and that, as in the complaint the defendant is not charged with having constructed the scaffold but with having permitted that the workmen should have been working on them, the complaint does not state a violation of the cited section.

The purpose sought by the statute is to protect the workmen against falls from the scaffolds and also the persons passing thereunder against the fall of tools and other objects upon them. The form and conditions required in connection with the scaffolds are nothing more than the means of accomplishing the end or purpose already indicated. The contractor or director of the work may acquire the scaffolds from another person or entity, and if the same do not fulfill the requirements above stated and are used in the construction of a work, the person responsible is not the one who built them but the one who ordered or permitted them to be used in violation of the law, whether he is the administrator, superintendent, foreman, or master builder as in this case. Therefore, the failure to allege in the complaint that the defendant constructed said scaffolds is immaterial where, as

in the present case, it is alleged that while acting as master builder of the work, he permitted their use in violation of the law.

In our judgment, the complaint is sufficient.

██ It appears from the record that after the complaint had been filed in the municipal court, the special prosecuting attorney of the Department of Labor requested that the same be dismissed, and that he be permitted to file a new complaint, to which the court acceded granting him a term .therefor within which the complaint incorporated in the record was filed. Subsequently, the defendant requested the same municipal court to dismiss the new complaint and to discharge him, invoking section 452 of the Code of Criminal Procedure which textually reads as follows:

"Section 452.—An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony."

Section 452 is by its own terms limited to the dismissals ordered in accordance with the provisions of section 448 and 451 comprised in chapter VI, which also includes said section 452. Section 448 refers to the delay in the filing of the information and in the holding of the trial, and 451 relates to the dismissals ordered by court of its own motion or upon the application of the district attorney and *in furtherance of justice*. The case at bar is not comprised in either of these two sections. The dismissal was requested for the purpose of amending the complaint which certainly must have been insufficient and which, if the case had proceeded to trial under such conditions, would have caused a failure of justice. A district attorney or prosecutor who after filing an information or complaint discovers any substantial defect in the same, can and must request leave to amend it. The situation in such cases is the same as that which arises where the defendant interposes a demurrer to the information and

complaint and the court, in sustaining the demurrer, orders that a new information or complaint be filed.

■■ The evidence which the trial court had before it is sufficient to support the complaint, and we can not agree with the appellant that the weighing thereof was erroneous. We have already seen that the complaint charges the lack of the railings required by law. It was established by the evidence that said railings did not exist and, although the defendant attempted to show that they are not required where the construction of a tower is involved, however, section 1 of the act refers to scaffolds placed for the purpose of "repairing . . . any house, building, bridge, viaduct, or any other kind of construction whatever," which naturally includes a tower used in order to facilitate the handling of the concrete which is to be poured into the molds when the construction has reached such a height as can not be easily reached by men standing on the ground. Moreover, from the testimony of the witness Cecilio Monge, a special inspector of the Department of Labor, the following appears:

"Attorney: Now, tell me, are railings used on the towers?

"Witnesss: They should be used; but most of them do not use them because the tower itself takes the place of the railing by reason of the small space available to work on.

"A. With your experience as labor agent, in some works, have you ever seen that they use railings on the tower?

"W. I have seen many contractors who erect the towers and place railings.

"A. Have you seen many who do not use them?

"W. Yes, sir.

"A. Have you prosecuted them?

"W. No, sir.

"A. Have you not prosecuted them?

"W. No, sir.

"A. And why have you not prosecuted them?

"W. Because suggestions have been made to them in the sense that the deficiencies found should be corrected, and then the master builders have agreed to do that and actually done it.

218

"A. But the fact is that railings are not always used?
"W. When we order them to be placed they use them.
"A. In this case you did not order that they place the railings?
"W. Yes, sir, we ordered them.
"A. And did they place them?
"W. No, sir. (Tr. of Ev., pp., pp. 15–16.)

The fine of $50 imposed on the defendant was authorized by section 3 above transcribed which fixes a minimum fine of $25 or imprisonment in jail for a maximum term of 60 days. As no maximum limit is fixed regarding the penalty of fine and the one imposed in this case is not excessive (section 2 of the Organic Act), we should not interfere with the discretion of the lower court in imposing the same, especially as the evidence shows that the defendant was given an opportunity to correct the deficiency and, far from doing so, when the inspectors of industrial security of the Department of Labor returned they were provoked and insulted by the accused.

For the reasons stated the judgment appealed from must be affirmed.